UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHELLE L. COX | Case No. 19-13490 |
| Plaintiff, | Stephanie Dawkins Davis |
| v. | United States District Judge |
| SOCIAL SECURITY COMMISSIONER, | R. Steven Whalen |
| Defendant. | United States Magistrate Judge |
| _____/ | |

**OPINION AND ORDER ACCEPTING AND ADOPTING
THE MAGISTRATE JUDGE'S FEBRUARY 28, 2021
REPORT AND RECOMMENDATION (ECF No. 19)**

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff Michelle L. Cox, filed suit under 42 U.S.C. § 405(g), challenging the Commissioner's denial of supplemental security income benefits under Title XVI of the Social Security Act. Currently before the Court is Magistrate Judge R. Steven Whalen's February 28, 2021 Report and Recommendation to grant the Commissioner's motion for summary judgment (ECF No. 17) and to deny Cox's motion for summary judgment (ECF No. 13). (ECF No. 19). Cox filed an objection to the Report and Recommendation and defendant filed a response. (ECF Nos. 20, 21).

For the reasons set forth below, the court **OVERRULES** plaintiff's objections, **ACCEPTS** and **ADOPTS** the Report and Recommendation,

**GRANTS** defendant's motion for summary judgment, **DENIES** plaintiff's motion for summary judgment, and **AFFIRMS** the findings of the Commissioner.

## II.   LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed.R.Civ.P. 72(b)(1)-(3).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'"  *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious."  *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits.

*See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient.").

### III. DISCUSSION

#### A. Objection No. 1

In her first objection, Cox contends that Judge Whalen erred in concluding that the Commissioner properly evaluated the medical opinion evidence. More specifically, she contends that the magistrate judge failed to consider that the opinions were all consistent with each other, an important factor under 20 C.F.R. § 404.1520c. She also says that Judge Whalen improperly conducted his own review of the record evidence to justify the ALJ's partial rejection of the opinion of plaintiff's treating neurologist, Dr. Sabbagh, and the opinions of her mental health counselors. Cox also finds fault with Judge Whalen's conclusion that the ALJ need not have mentioned evidence that the Social Security claims representative observed Cox to be disorganized and displayed poor memory, in order for the court to conclude that the ALJ considered the evidence.

As to Cox's claim that Judge Whalen erred by failing to consider that the medical opinions were consistent with each other, the court finds this objection without merit. As the Commissioner points out in response, 20 C.F.R. § 404.1520c required the ALJ to evaluate whether the medical opinions were consistent with the record as a whole, not simply with each other. (ECF No. 19, PageID.1107). Judge Whalen's conclusion that the ALJ's rejection of these opinions was "generously supported by the record and well explained" is fully supported by the record as a whole. (ECF No. 19, PageID.1108-09; ECF No. 9, PageID.56-57). Judge Whalen noted (ECF No. 19, PageID.1108-09) that the record contained findings of normal gait and full muscle strength (ECF No. 9-19, PageID.1015-17); an unremarkable CT scan (ECF No. 9-9, PageID.439, 449); Cox's own reports that she was responsible for looking after her boyfriend's aunt who required "constant caregiving" (ECF No. 9-16, PageID.825, 829, 830, 832, 834); and Dr. Sommerschield's statements that Cox was exaggerating her pain and would respond well to treatment (ECF No. 9-12, PageID.683, 685). Judge Whalen properly determined that the ALJ's reasoning was well-supported by the record as a whole.

The court also finds no merit in Cox's suggestion that Judge Whalen substituted his own judgment for the medical opinions of the treating physicians. Instead, as the Commissioner accurately points out, Judge Whalen thoroughly

reviewed the record evidence to determine if the ALJ's evaluation of the medical opinions was supported by the record. This comports with the mandate that "[j]udicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). To the extent plaintiff's objections assert that the ALJ improperly substituted his own medical opinion for those of the treating physicians, the court rejects this argument as woefully undeveloped. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995) (citation omitted)); *see also Emerson v. Novartis Pharm. Corp.*, 446 Fed. Appx. 733, 736 (6th Cir. 2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) ("'Judges are not like pigs, hunting for truffles' that might be buried in the record.").

Finally, the court agrees with Judge Whalen that the ALJ need not have specifically mentioned the observations of the Social Security field office employee. As the Commissioner states, Judge Whalen correctly found that the SSR 16-3p only required the ALJ to "consider" the statements from Agency

5

personnel, not discuss them. (ECF No. 19, PageID.1110) (citing SSR 16-3p, 2017 WL 5180304, at *6). And here, the ALJ explicitly stated that he had considered all her symptoms and the extent they were consistent with "the objective medical evidence and other evidence, based on the requirements of ... SSR 16-3p." (ECF No. 9-2, PageID.55). No more is required. *See Loral Defense Sys.-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999) (ALJ is not required to mention particular pieces of evidence to demonstrate that they were considered); *Daniels v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 485, 489 (6th Cir. 2005) (same); *Ellis v. Comm'r of Soc. Sec.*, 2021 WL 822497, at *3 (E.D. Mich. Mar. 4, 2021) (it is "firmly established" that the ALJ need not expressly address every factor that is relevant under SSR 16-3p) (collecting cases). Accordingly, the court finds no merit in Cox's objection.

B. Objection No. 2

Cox next contends that Judge Whalen erred in finding that the Commissioner met the step five burden. She maintains that the jobs identified by the vocational expert are inconsistent with her 8th grade educational level. Cox also contends that Judge Whalen's reliance on the Commissioner's regulation that a limited education does not preclude the performance of unskilled work is "overruled" by the specific job requirements in the Dictional of Occupational Titles. Cox also asserts that, contrary to Judge Whalen's conclusion that she failed

6

to challenge the jobs identified at the hearing, she had no opportunity to conduct the necessary research regarding those specific jobs at the hearing. Accordingly, she says a finding of waiver is not appropriate.

The court finds Judge Whalen's analysis well-reasoned and supported by case law in this circuit. Judge Whalen concluded that: the VE confirmed her testimony was consistent with the Dictionary of Occupational Titles; the VE considered Cox's education level; a limited education does not preclude unskilled work; the Dictionary of Occupational Titles represents the maximum education requirement of a particular job; and Cox's counsel did not raise this challenge to the VE. (ECF No. 19, PageID.1110-11). Judge Whalen's conclusions are supported by Sixth Circuit precedent and Agency regulations. (ECF No. 19, PageID.1110-11). The court does not find Cox's reliance on out-of-circuit case law to be persuasive. Most importantly, as Judge Whalen emphasized, the ALJ specifically instructed the VE to consider Cox's education level before rendering testimony, and there is no evidence the VE failed to do. (ECF No. 19, PageID.1111, citing ECF No. 9-2, PageID.56). In light of the foregoing, whether plaintiff's counsel could or did raise the challenge to the VE is of no consequence. Accordingly, the court finds that Cox's second objection has no merit.

## IV. CONCLUSION AND RELIEF

For the reasons set forth above, the court **OVERRULES** plaintiff's objections, **ACCEPTS** and **ADOPTS** the Report and Recommendation, **GRANTS** defendant's motion for summary judgment, **DENIES** plaintiff's motion for summary judgment, and **AFFIRMS** the findings of the Commissioner.

**IT IS SO ORDERED**.

Date: March 30, 2021               s/Stephanie Dawkins Davis
                                   Stephanie Dawkins Davis
                                   United States District Judge